## A. W. YOUNG v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

May 2, 1913.

Nos. 17,836—(48).

**Carrier — live stock — verdict sustained by evidence.**

> Evidence considered, and *held* to support a verdict for plaintiff in an action to recover for injury to live stock shipped over defendant's road, and that the record presents no reversible error.

Action in the district court for Hennepin county to recover $7,730 for injury to a shipment of 37 cars of cattle. The case was tried before Hale, J., and a jury which returned a verdict in favor of plaintiff for $2,004.40. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*C. W. Bunn* and *George Hoke*, for appellant.
*Stiles & Devaney*, for respondent.

BROWN, C. J.

Plaintiff shipped over defendant's line of road from Manhattan, Montana, to Medina, North Dakota, 1,235 head of cattle. The cattle were of a mixed lot, and the purpose of taking them to Medina was to turn them out to range and fatten for the market. They were taken

through to destination and delivered to plaintiff. Subsequently plaintiff made a claim for damages to the cattle by reason of delay in transportation and rough handling of the train, which the parties were unable to settle, and plaintiff brought this action to recover the same. His original claim amounted to about $1,600, but he demanded in his complaint something over $7,500. Plaintiff based his right of action upon various charges of negligence, all of which, save one, were eliminated from consideration by the court below as not sustained by the evidence, and the cause was sent to the jury upon the single question whether the cattle were injured in consequence of the rough handling and operation of the train. The jury returned a verdict for plaintiff for $2,004.40, and defendant appealed from an order denying a new trial.

It is contended by defendant: (1) That the verdict is clearly and palpably against the evidence; and (2) that the court erred, to the prejudice of defendant, in the admission of certain evidence.

Neither contention requires extended discussion. While the record presents some indications of bad faith on the part of plaintiff in the presentation of his claim for damages, the evidence, taken as a whole, if believed by the trial court and jury, made a case of negligence in the respect submitted to the jury, and the award of damages was within the limits fixed by the witnesses under the rule adopted by the court, namely, the diminished value of the cattle. We do not consider whether the rule of damages so adopted by the court was the correct rule as applied to the facts. The question is not before us.

We have read the evidence with care, and are unable to concur with defendant in the contention that plaintiff's claim rests in fabrication, or largely in imagination, or that the verdict is so flagrantly against the evidence that a new trial should be granted. The credibility of the witnesses was for the jury and the trial court; and, since the learned trial judge has approved the verdict, we discover from the record before us no sufficient reason for interference. We are clear that no prejudice resulted to defendant from the evidence offered by plaintiff tending to show an unreasonable delay in moving the train from the point of shipment to destination. The question was covered by the complaint, but before the direct examination of plaintiff had

been concluded the court ruled that the evidence was wholly insufficient to justify submitting the question to the jury, and it was thus wholly eliminated from the case. In addition to this, the court in its charge was particularly emphatic that the question of delay should not be considered by the jury.

Order affirmed.